IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID H. MCDOWELL                                                                                    PLAINTIFF

v.                                           Case No. 3:12-CV-03067

TANKINETICS, INC.;
WILLIAM K. ANGLE;
STRAND COMPOSITE ENGINEERING
& CONSTRUCTION, LLC;
ST. CLAIR P. GUESS, III;
WILLIAM F. SCHWARZ; and
ROBERT W. McMANUS                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court are Separate Defendant Strand Composite Engineering & Construction, LLC's ("Strand") Motion to Dismiss (Doc. 16) and brief in support (Doc. 15); Separate Defendants Clair P. Guess, III, Robert W. McManus, William F. Schwartz, and Tankinetics, Inc.'s (the "Tankinetics Defendants") Motion to Dismiss (Doc. 17); and Plaintiff's Response in Opposition to both Motions (Doc. 18).[1] The Tankinetics Defendants' Motion to Dismiss expressly adopts the positions and arguments set forth in Defendant Strand's Motion and brief in support, thus hereinafter Defendant Strand and the Tankinetics Defendants will be referred to collectively as the "Defendants."

For the reasons described below, the Court finds that both pending Motions to Dismiss (Docs. 16 and 17) should be **GRANTED**. The effect of the ruling of the Court on these matters is that with respect to all Defendants, Count I of the Complaint is **DISMISSED WITH PREJUDICE**,

---

[1] The Court declines to consider Defendant Strand's Reply in Support of Motion to Dismiss (Doc. 19), the Tankinetics Defendants' Reply in Support of Motion to Dismiss (Doc. 20), and Plaintiff's Sur-Reply to Defendants' Reply in Support of Motion to Dismiss (Doc. 21), as they were filed without leave of court. *See* L.R. W.D. Ark. 7.2 (providing for replies to be filed only with regard to summary judgment motions).

Count II is **DISMISSED WITH PREJUDICE** to the extent it seeks relief under the Age Discrimination and Employment Act (ADEA) and **DISMISSED WITHOUT PREJUDICE** to the extent it states a claim under state law, and Count III is **DISMISSED WITHOUT PREJUDICE**.

## I. Background

Plaintiff David H. McDowell is a 78-year-old professional engineer currently employed by Defendants. The Complaint alleges that Defendants discriminated against Plaintiff in that his compensation, terms, conditions, or privileges of employment were reduced and restricted because of Plaintiff's age. Plaintiff timely filed a written charge of discrimination with the Equal Employment Opportunity Commission (EEOC). The EEOC issued a right-to-sue letter (Doc. 14) on April 4, 2011, which the Plaintiff initialed as received on April 6, 2011. (Doc. 14). Plaintiff timely filed a complaint in the Circuit Court for Taney County, Missouri. (Doc. 1, p. 5). The action was removed to the United States District Court for the Western District of Missouri and dismissed without prejudice on March 8, 2012. *Id.* On June 11, 2012, Plaintiff filed a Complaint in this Court asserting age discrimination in violation of 29 U.S.C. § 623 and negligent supervision under Arkansas state law.

## II. Legal Standard

In ruling on a motion to dismiss, the Court accepts as true all of the factual allegations contained in a complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Complaints should be liberally construed in the plaintiff's favor and "should not be dismissed for

failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rucci v. City of Pacific*, 327 F.3d 651, 652 (8th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. Discussion

#### A. Count I: Age Discrimination under 29 U.S.C. § 623

"[W]hen it appears from the face of the complaint itself that the limitation period has run, a limitations defense may be properly asserted through a 12(b)(6) motion to dismiss." *Wycoff v. Menke*, 773 F.2d 983, 984-985 (8th Cir. 1985) (internal quotation omitted). This is precisely what the Defendants have done in this case with regard to Plaintiff's ADEA claim. Under the ADEA, a civil action may be brought against the respondent named in the EEOC charge within 90 days after the date of the receipt of a right-to-sue letter. 29 U.S.C. § 626(e). Federal regulations provide that "[t]he right of an aggrieved person to file suit expires 90 days after receipt of the Notice of Dismissal or Termination or upon commencement of an action by the Commission to enforce the right of such person." 29 C.F.R. § 1626.18(c). The right-to-sue letter itself clearly states that a lawsuit brought under the ADEA "**must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)" (Doc. 14) (emphasis in original). *See Littell v. Aid Ass'n for Lutherans*, 62 F.3d 257, 259 (8th Cir.1995) ("[F]ailure to file suit within ninety days after the receipt of a notice from the EEOC renders a plaintiff's action untimely.").

The 90-day filing period under the ADEA operates as an explicit federal statute of limitations. *See Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983) (citing *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946) ("If Congress explicitly puts a limit upon the time for

enforcing a right which it created, there is an end of the matter.")). "State tolling and savings provisions do not apply when Congress has provided a federal statute of limitations for a federal claim." *Victor Foods, Inc. v. Crossroads Economic Dev., Inc.*, 977 F.2d 1224, 1227 (8th Cir. 1992); *see also Jessie v. Potter*, 516 F.3d 709, 714 (8th Cir. 2008). Plaintiff filed his Complaint alleging age discrimination in violation of the ADEA on June 11, 2012, which is four hundred and thirty-two (432) days after receiving a right-to-sue letter from the EEOC. Even if the limitations period started again after the involuntary dismissal on March 8, 2012, Plaintiff's ADEA claim is still barred as untimely because the Complaint was filed five days after the 90-day time limit. Therefore, it is unnecessary for the Court to determine whether the statute of limitations was tolled by the filing of a complaint in the Circuit Court for Taney County, Missouri. The Arkansas savings statute does not apply to a federal cause of action that is subject to an express federal statute of limitations.

    The Court cannot imagine any set of facts which Plaintiff may be able to prove that would entitle them to relief from their ADEA claim being time-barred. Therefore, Count I must be DISMISSED WITH PREJUDICE.

    **B.  Count II: Mental Anguish and Emotional Distress**

    Count II of the Complaint requests relief for mental anguish and emotional distress. In Plaintiff's Response in Opposition to Defendants' Motions to Dismiss, Plaintiff argues that he is entitled to an award of compensatory damages under the ADEA, and that emotional distress damages are included in compensatory damages. (Doc. 18, p. 4). To the extent the allegations in Count II seek damages in connection with the ADEA claim in Count I, Count II is barred by the applicable statute of limitations, as discussed above.

While not addressed by the Plaintiff in his Response, an alternative reading of Count II is that it attempts to allege a separate state law claim for outrage. Because Defendants are entitled to dismissal of Plaintiff's ADEA claims, which constitute the basis for this Court's exercise of federal jurisdiction, to the extent Count II alleges a state law claim, the Court declines to take supplemental jurisdiction and therefore will not opine here as to whether the claim is meritorious. The United States Supreme Court has observed that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). *See also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); 28 U.S.C.A. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . .").

Therefore, to the extent Count II reflects a claim under the ADEA, Count II is time-barred and must be DISMISSED WITH PREJUDICE. To the extent Count II reflects a state law claim for outrage, the Court declines to take supplemental jurisdiction over Count II and this claim is DISMISSED WITHOUT PREJUDICE.

**C. Count III: Negligent Supervision**

Count III purports to state a claim pursuant to Arkansas law for negligent supervision. The Court declines to take supplemental jurisdiction over this remaining claim and therefore will not opine here as to whether the claim is meritorious. Count III is therefore DISMISSED WITHOUT PREJUDICE.

**IV. Conclusion**

The Court has determined that the Defendants' Motions to Dismiss (Docs. 16 and 17) should be **GRANTED** and Plaintiff's Complaint dismissed in its entirety.

IT IS THEREFORE ORDERED that Count I of Plaintiff's Complaint is DISMISSED WITH PREJUDICE as time-barred.

IT IS FURTHER ORDERED that Count II for mental anguish and emotional distress is DISMISSED WITH PREJUDICE to the extent it seeks damages under the ADEA because the claim is time-barred.

IT IS FURTHER ORDERED that because Plaintiff's federal claims forming the basis for this Court's jurisdiction have been dismissed with prejudice, Count II, to the extent it alleges a state law claim for outrage, and Count III—Plaintiff's remaining state law claim for negligent supervision— are DISMISSED WITHOUT PREJUDICE, as the Court declines to take supplemental jurisdiction of these claims.

IT IS SO ORDERED this 12th day of September, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE